**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**BRIAN BURKE,**

     **Plaintiff,**

   **- against -**

**METROPOLITIAN TRANSPORTATION**
**AUTHORITY, ET AL.,**

     **Defendants.**
_____

     **09 Civ. 3291 (JGK)**

     <u>MEMORANDUM OPINION</u>
     <u>AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

   The plaintiff, Brian Burke, brought this action pro se purportedly pursuant to 42 U.S.C. § 1983 against the New York City Transit Authority ("NYCTA"), the Metropolitan Transportation Authority ("MTA"), the New York Public Employment Relations Board ("PERB"), and the New York State Attorney General.  The plaintiff was fined for participating in a strike against his employer, the NYCTA, pursuant to New York's Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 200-14 (1999) (commonly known as the "Taylor Law").  He seeks declaratory and injunctive relief, as well as money damages. Defendants NYCTA and the MTA each filed motions to dismiss the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The New York PERB and the New York State Attorney General filed a joint motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

The plaintiff has made several motions, including a motion to admit a Third Amended Complaint, which names the City of New York as an additional defendant, as did a previous Amended Complaint.  Because the City of New York is a separate entity from the plaintiff's employer, the NYCTA, and because the Third Amended Complaint contains no allegations against the City of New York, the plaintiff's motion to join the City of New York is **denied**.  The plaintiff's motion to admit the remainder of his Third Amended Complaint is **granted**.  The defendants have requested that the Court apply their previous motions to dismiss against the plaintiff's Third Amended Complaint and the Court will do so.

I

In defending a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In considering such a motion, the Court generally must accept the material factual allegations in the Complaint as true.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  The Court does not, however, draw all reasonable inferences in the plaintiff's favor.  Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2

(S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts
are disputed, the Court has the power and the obligation to
consider matters outside the pleadings, such as affidavits,
documents, and testimony, to determine whether jurisdiction
exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003);
Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir.
1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d
Cir. 1986).  In doing so, the Court is guided by that body of
decisional law that has developed under Federal Rule of Civil
Procedure 56.  Kamen, 791 F.2d at 1011; see also Donelli v.
County of Sullivan, No. 07 Civ. 2157, 2009 WL 2365551, at *1
(S.D.N.Y. July 31, 2009); Tsering v. Wong, No. 08 Civ. 5633,
2008 WL 4525471, at *1 (S.D.N.Y. Oct. 3, 2008); Melnitzky v.
HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *5
(S.D.N.Y. Apr. 18, 2007).

On a motion to dismiss pursuant to Rule 12(b)(6), the
allegations in the Complaint are accepted as true.  Grandon v.
Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In
deciding a motion to dismiss pursuant to Rule 12(b)(6), all
reasonable inferences must be drawn in the plaintiff's favor.
Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir.
1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The
Court's function on a motion to dismiss is "not to weigh the
evidence that might be presented at a trial but merely to

determine whether the complaint itself is legally sufficient."
Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The
Court should not dismiss the Complaint if the plaintiff has
stated "enough facts to state a claim to relief that is
plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009).  While the Court should construe the factual allegations
in the light most favorable to the plaintiff, "the tenet that a
court must accept as true all of the allegations contained in a
complaint is inapplicable to legal conclusions."  Id. at 1949;
see also Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507
F.3d 117, 121 (2d Cir. 2007); Smith v. Local 819 I.B.T. Pension
Plan, 291 F.3d 236, 240 (2d Cir. 2002); Powe v. Cambium Learning
Co., No. 08 Civ. 1963, 2009 WL 2001440, at *1 (S.D.N.Y. July 9,
2009).

The pleadings and allegations of a pro se plaintiff must be
construed liberally for the purposes of Rules 12(b)(1) and
12(b)(6).  See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir.
2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d
471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New
York, 287 F.3d 138, 145-46 (2d Cir. 2002).  Additionally, the

4

submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994)); <u>see also</u> <u>Tsering</u>, 2008 WL 4525471, at *1.


                              II

     The following facts are undisputed and are taken from the plaintiff's Third Amended Complaint.

     Mr. Burke is, and was at time of the events in this case, a NYCTA train operator.  (Third Am. Compl. ¶ 2.)  He was fined under the Taylor Law for his participation in the December 2005 New York City transit strike.  (Third Am. Compl. ¶ 2.)  Mr. Burke sought to challenge the fine before the New York PERB, but he was unsuccessful.  (Third Am. Compl. ¶ 2.)

     The plaintiff now argues that the Taylor Law is unconstitutional under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments.  He seeks declaratory judgment invalidating the law, an injunction blocking future enforcement of the law by the defendants, and he asks that all fines assessed as a result of the December 2005 strike be returned to those who paid them.  All of the defendants move to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can

be granted.  The New York PERB and the New York State Attorney General also move to dismiss pursuant Rule 12(b)(1).


                              III

     The New York PERB and New York State Attorney General argue that this Court does not have subject matter jurisdiction over the plaintiff's claims against them because they are entitled to Eleventh Amendment immunity.  Under the Eleventh Amendment, a state cannot be sued in federal court unless it consents or "Congress, pursuant to a valid exercise of its power, unequivocally states its intent to abrogate the state[']s[] immunity."  New York City Health and Hosps. Corp. v. Perales, 50 F.3d 129, 134 (2d Cir. 1995).  State immunity to suit in federal court extends to state agencies, such as the New York PERB, which cannot be sued absent a waiver or clear congressional abrogation.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  There is no evidence of such a waiver or abrogation in this case.

     Eleventh Amendment immunity does not bar suits to enjoin prospectively unconstitutional conduct by state officials acting in their official capacities.  See Ex parte Young, 209 U.S. 123, 159-60 (1908).  To the extent the plaintiff is seeking such injunctive relief against the New York State Attorney General in this case, the Eleventh Amendment would not be a bar to his

                               6

constitutional claims.  See Dube v. State Univ. of N.Y., 900
F.2d 587, 595 (2d Cir. 1990).  Any claims for retroactive money
damages would be barred.  See Edelman v. Jordan, 415 U.S. 651,
677 (1974).

     In any event, however, the plaintiff has failed to state a
claim against the New York State Attorney General, the New York
PERB, the NYCTA, or the MTA.  All of the plaintiff's claims are
rooted in his argument that the Taylor Law is unconstitutional.
However, the Taylor Law has long been held constitutional.  See,
e.g., Buffalo Teachers Fed'n, Inc. v. Helsby, 676 F.2d 28, 29-30
(2d Cir. 1982) (per curiam) (finding that fine assessed under
Taylor Law against worker who participated in strike did not
violate Equal Protection Clause); Cheeseman v. Carey, 623 F.2d
1387, 1389-93 (2d Cir. 1980) (Friendly, J.) (reviewing previous
unsuccessful constitutional challenges to Taylor Law and finding
that one Equal Protection claim "borders on the frivolous");
Margiotta v. Kaye, 283 F. Supp. 2d 857, 863-65 (E.D.N.Y. 2003)
(rejecting constitutional challenges to Taylor Law); N.Y. State
Inspection, Sec. & Law Enforcement Employees, Dist. Council 82
v. N.Y. State Pub. Employment Relations Bd., 629 F. Supp. 33, 54
(N.D.N.Y. 1984) (finding Taylor Law did not violate First or
Fourteenth Amendments); O'Brien v. Bd. of Educ., 498 F. Supp.
1033, 1037-38 (S.D.N.Y. 1980) (rejecting constitutional
challenges to the Taylor Law, including under Eighth Amendment);

<u>New York City Transit Auth. v. Transp. Workers Union of America</u>,
822 N.Y.S.2d 579, 591-92 (2d Dep't 2006) (rejecting challenges
to Taylor Law under Sixth and Fourteenth Amendments); <u>Lawson v.</u>
<u>Bd. of Educ.</u>, 315 N.Y.S.2d 877, 878 (3d Dep't 1970) (noting that
court did not "perceive any merit as to the . . . contentions in
regard to the constitutionality" of Taylor Law), <u>appeal denied</u>,
269 N.E.2d 834 (1971), <u>appeal dismissed</u>, 404 U.S. 907 (1971).
The plaintiff appears to recognize this fact, noting that he
cannot "claim any case law throwing out the 'Taylor Law' for
[c]onstitutional violations." (Pl.'s Opp'n & Cross-Mot.
Affirmation 7.)  The plaintiff offers no convincing argument for
the Court to fail to follow the settled precedent holding the
Taylor Law constitutional.  The plaintiff has failed to provide
any plausible basis to find the Taylor Law unconstitutional.
Therefore, the plaintiff's claims against the defendants in this
case have no legal basis.


                                IV

     The plaintiff has also made a motion for sanctions against
defendant MTA's counsel pursuant to Rule 11 for their
"continual, unremitting, satanic, seditionist, actionable
attack" on the Constitution.  (Pl.'s Opp'n & Cross-Mot.
Affirmation 2.)  The plaintiff has alleged no conduct by the

MTA's counsel that would violate Rule 11.  Therefore, that
motion is **denied**.

Finally, the plaintiff has made a motion for a continuance
of a motion for summary judgment to allow discovery pursuant to
Rule 56(f).  The plaintiff seeks "information, in the control of
defendants, regarding MTA's actions as Plaintiff's employer and
actions to institute egregious and ruinous fines." (Pl.'s Opp'n
& Cross-Mot. Affirmation 7.)  First, neither party made a motion
for summary judgment in this case, and, for the reasons stated
above, there is no need to convert the defendants' motions to
dismiss into motions for summary judgment.  Second, the
plaintiff has not presented an affidavit as required by the
Rule, nor has he made any showing of how the facts he seeks
would create a material issue of fact, what efforts he made to
obtain those facts, and why they were unsuccessful.  See
Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir.
1994).  Therefore, the plaintiff's Rule 56(f) motion is **denied**.


CONCLUSION

The Court has carefully considered all of the parties'
arguments.  To the extent not specifically addressed in this
Opinion they are either moot or without merit.  For the reasons
stated above, the defendants' motions to dismiss the plaintiff's

Third Amended Complaint are **granted**.  The Third Amended

Complaint is **dismissed with prejudice**.  The Clerk is directed to

**dismiss** any additional pending motions **without prejudice** as

moot.   The Clerk is also directed to enter Judgment and to close

this case.

**SO ORDERED.**

**Dated:    New York, New York**
**          November 24, 2009**

John G. Koeltl
United States District Judge